**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE RALPH PITTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1983** |
| **JAMES M. LEBLANC, ET AL.** | **DIVISION "5"** |

**ORDER AND REASONS**

Before the Court is the Motion to Dismiss (rec. doc. 27) filed by Defendants James LeBlanc, Travis Day, and Floyd Brooks (collectively, "Defendants"). *Pro se* Plaintiff Willie Ralph Pitts filed no opposition to the motion. Also before the Court is a Motion for Judgment on the Pleadings Fed. R. Civ. P. 12(c) (rec. doc. 36) filed by Plaintiff. Defendants filed no opposition to Plaintiff's motion. Having reviewed the pleadings and the case law, the Court rules as follows.[1]

## I. Background

Plaintiff sues Defendants under 42 U.S.C. § 1983, alleging deliberate indifference to Plaintiff's serious medical needs and living conditions while incarcerated at Rayburn Correctional Center ("RCC"). Plaintiff alleges that he contracted a "serious series of some fungus and black mold eating the flesh all over [his] body." (Rec. doc. 1 at 7). Plaintiff also alleges that the medical staff at RCC could not find out what it was and "continuously sent him to University Medical Center in New Orleans." (*Id.*). Plaintiff asserts that he still suffers

[1] On June 28, 2023, the parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636. (Rec. doc. 29).

from the "infectious fungus disease" despite receiving a series of different medications and that the source of his affliction is the unkempt showers and bathrooms at RCC. (*Id.*).[2]

Attached to Plaintiff's Complaint is an excerpt from *Prison Legal News* that reports that medical doctors with disciplinary records have been retained to provide care in institutional settings such as prisons. (Rec. doc. 1-1). Plaintiff alleges that "these things happens [sic] through criminal doctors hired to be care providers." (Rec. doc. 1 at 11). Plaintiff appears to intimate that the doctors at RCC have been disciplined and had their medical licenses revoked or suspended. Lastly, Plaintiff alleges that Assistant Warden Floyd Brooks and the Director of Nurses are "very unprofessional" and need to be replaced due to their "complacency." (*Id.*). Plaintiff seeks "civil, criminal, and administrative liabilities" including $150,000.00 in monetary damages. (*Id.* at 5).

## II. Standard of Review

Defendants move to dismiss Plaintiff's Complaint under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). "On a Rule 12(b)(1) motion, the party seeking to invoke federal jurisdiction has the burden [of proof]." *Boudreaux v. La. State Bar Ass'n*, 3 F.4th 748, 753 (5th Cir. 2021). The district court should only grant a Rule 12(b)(1) motion "if it appears certain that the plaintiff cannot prove any

[2] Plaintiff is currently housed at the Allen Correctional Center in Kinder, Louisiana.

set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161. In the Fifth Circuit, the standard of review applicable to motions to dismiss under Rule 12(b)(1) resembles the standard of review for motions to dismiss under Rule 12(b)(6), but also allows the Court to consider a broader range of materials. *Mansa Musa El v. United States*, No. 21-cv-968, 2021 WL 4148118, at *3 (E.D. La. Sept. 13, 2021) (citing *Williams v. Wynne*, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)).

Under Rule 12(b)(6), the district court "must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Schlesinger v. ES & H, Inc.*, No. 11-cv-294, 2011 WL 3900577, at *2 (E.D. La. Sept. 2, 2011) (citing *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)); *Napoleon v. Shows, Cali & Walsh, L.L.P.*, No. CV 20-1775, 2021 WL 5630895, at *4 (E.D. La. Dec. 1, 2021). A plaintiff must plead enough facts, if taken as true, to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A "formulaic recitation of the elements of a cause of action" will not meet this pleading standard. *Id.* at 555. Plausibility does not require a showing of probability as a well-pleaded complaint can proceed even if "actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556. However, legal conclusions are not entitled to a presumption of truth for the purposes of a Rule 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Napoleon*, 2021 WL 5630895, at *4.

## III. Law and Analysis

### A. Rule 12(b)(1)

To the extent Plaintiffs brings claims against Defendants in their official capacities for monetary damages, Defendants argue that this Court lacks jurisdiction over such claims

under the doctrine of sovereign immunity. Federal courts are courts of limited jurisdiction. Without jurisdiction conferred by statute or the Constitution, district courts lack the power to adjudicate claims. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286-87 (5th Cir. 2012); *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *In re FEMA Trailer*, 668 F.3d at 286-87. As noted above, a court should consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Id.* Considering a Rule 12(b)(1) motion to dismiss first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

Under the Eleventh Amendment of the United States Constitution, a non-consenting state is immune from any lawsuit seeking monetary damages or equitable relief brought in federal courts by her own citizens or by the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of civil rights under Section 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). And Louisiana has not consented to suits in federal court under Section 1983. La. Rev. Stat. § 13:5106(A).

The Eleventh Amendment further grants an "arm of the state" sovereign immunity from a suit against it in federal court. *Vogt. v. Bd. Of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Univ. of Cal v. Doe*, 519 U.S. 425, 429 (1997)). When the state is the "real, substantial party in interest," the Eleventh Amendment also serves as a bar to suits against state officials. *Spikes v. McVea*, Civ. A. No. 17-8164, 2018

WL 3329060, at *5 (E.D. La. July 6, 2018); *see also Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir. 1990). In *Hanna v. LeBlanc*, the Fifth Circuit held that the Louisiana Department of Public Safety & Corrections ("DPSC"), as a Louisiana executive department and for whom all three Defendants work, is entitled to Eleventh Amendment protection. 716 F. App'x 265, 269 (5th Cir. 1988). The DPSC is thus an "alter ego" of the State for purposes of the State's Eleventh Amendment immunity, and Louisiana's sovereign immunity extends to DPSC personnel such as Defendants when they are sued in their official capacity. *Odynocki v. Louisiana*, No. CV 22-209, 2022 WL 2132241, at *1-2 (E.D. La. June 14, 2022) (citing *Champagne v. Jefferson Par. Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). The United States Supreme Court has specifically addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Moreover, neither a State nor its officials acting in their official capacities are "persons" capable of being sued under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As the Fifth Circuit stated in *Fairley v. Stadler*, "'neither a State nor its officials acting in their official capacities are 'persons' under § 1983' as § 1983 only provides a remedy against a 'person,' the dismissal of Fairley's § 1983 claims was indisputably proper." 294 F. App'x 805, 808-09 (5th Cir. 2008). Thus "long and clearly established Supreme Court precedent on this matter," *id.*, means that all "official capacity" claims for monetary relief under Section 1983 lack an arguable legal basis and are thus subject to dismissal. For the reasons explained above and in accordance with longstanding precedent,

federal courts lack jurisdiction over suits against state officials sued in their official capacities for monetary relief. Accordingly, this Court lacks jurisdiction over all claims for monetary relief against Defendants in their official capacities, and such claims are dismissed without prejudice.[3]

**B. Rule 12(b)(6)**

While Plaintiff's Complaint is less than clear as to the Constitutional grounds on which he bases his claims against Defendants in their individual capacities, the Court finds that Plaintiff's claims sound in deliberate indifference to his medical needs and unconstitutional conditions of confinement based on the alleged unkempt showers and bathrooms. These alleged claims arise under the Eight Amendment's prohibition against cruel and unusual punishment.

The Constitutional rights of an incarcerated person, regardless of whether he is a pretrial detainee or a convicted prisoner, are violated only if his serious medical needs are met with deliberate indifference on the part of penal authorities. *See Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999); *Henry v. Higgins*, No. Civ. A. 12-1886, 2013 WL 1694864, at *2 (E.D. La. Apr. 18, 2013). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). In their motion to dismiss, Defendants

[3] When a district court dismisses a claim for lack of subject-matter jurisdiction under Rule 12(b)(1), it must do so without prejudice. *See Cox, Cox, Filo, Camel & Wilson, L.L.C. v. Sasol N. Am., Inc.*, 544 F. App'x 455, 456-57 (5th Cir. 2013) (finding dismissal with prejudice under Rule 12(b)(1) improper because this is "to disclaim jurisdiction and then exercise it").

argue that Plaintiff's needs were not met with "deliberate indifference." For the following reasons, the Court finds that it is clear that Defendants are correct.

As to the "deliberate indifference" requirement, the United States Fifth Circuit Court of Appeals has explained:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that the official should have perceived, but did not is insufficient to show deliberate indifference.

*Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks, brackets, and citations omitted). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

An inmate is not guaranteed optimal medical care. *See Gobert*, 463 F.3d at 349 ("[D]eliberate indifference exists wholly independent of an optimal standard of care."). On the contrary, the Constitution does not even require that an inmate's medical care be free from negligence or medical malpractice. *Id.* at 346 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. . . ."); *Hall v. Thomas*, 190 F.3d 693, 697-98 (5th Cir. 1999); *see also Kelly v. Gusman*, Civ. A. No. 07-611,

2007 WL 2007992, at *4 (E.D. La. July 5, 2007); *Cerna v. Tex. Tech Med. Staff*, No. 2:03-CV-0322, 2004 WL 42602, at *2 (N.D. Tex. Jan. 7, 2004).

Simply put, absent exceptional circumstances, an inmate's disagreement with his medical treatment does not constitute deliberate indifference. *Gobert*, 463 F.3d at 346. For example, "the question of whether . . . additional . . . forms of treatment [are] indicated is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Generally, such matters of professional medical judgment are better left to the medical expertise of physicians rather than to the legal expertise of judges. *Henry*, 2013 WL 1694864, at *3-4. Federal courts are therefore loath to second-guess such medical decisions in federal civil rights actions. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Castro v. Louisiana*, Civ. A. No. 08-4248, 2008 WL 5169401, at *4 (E.D. La. Dec. 8, 2008) ("[M]edical judgments are not to be lightly second-guessed in a federal civil rights action.").

With regard to the alleged unconstitutional conditions of confinement, the Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be. *See McAllister v. Strain*, No. Civ. A. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); *Tallmore v. Hebert*, No. 07-1220, 2008 WL 2597939 (W.D. La. May 28, 2008); *see also Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983) (finding that allegations that cell had blood on the walls, excretion and bread loafs on the floor did not constitute an extreme deprivation so as to violate his rights under Eighth

Amendment; plaintiff "has not alleged the sort of 'deprivation of facilities for elementary sanitation' that [the Fifth Circuit] ha[s] observed gives rise to unconstitutional confinement."). A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas Cnty.*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Ill. State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995).

Instead, "jails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron Cnty.*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). Federal courts have repeatedly held that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998).

Plaintiffs who sue government officials in their individual capacities must allege specific conduct that gives rise to a constitutional violation. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). Individual capacity claims "must be pleaded with 'factual detail and particularity,' not mere conclusory allegations." *Jackson v. Widmall*, 99 F.3d 710 (5th Cir. 1996) (quoting *Schultea*, 47 F.3d at 1430). "Allegations must be enough to raise a right to relief above the speculative level." *Id.* Overall, "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

Plaintiff's allegations fail to specify any personal involvement on the part of Defendants in any alleged deliberate indifference to his medical needs or his conditions of confinement. Defendant LeBlanc is the Secretary of the DPSC, Day is the Warden at RCC, and Brooks is the Assistant Warden at RCC. Defendants are thus supervisory officials of the DPSC and RCC. A supervisory official cannot be held liable pursuant to Section 1983 under a theory of *respondeat superior* merely because an employee or subordinate allegedly violated Plaintiff's constitutional rights. *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). To hold Defendants personally liable, Plaintiff must establish either that they were "personally involved in the acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of [these defendants] . . . and the alleged constitutional violations." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981). Plaintiff does not allege that Defendants were present for, or personally involved in, his medical treatment or the cleaning of RCC. Plaintiff admits that LeBlanc and Day were not personally involved in his medical care or the cleaning of RCC. (Rec. doc. 1 at 11). And Plaintiff alleges only that Brooks "was personally involved in the act" and was "very unprofessional." (*Id.*). Such a conclusory statement is not pleading with particularity. Indeed, several times throughout his Complaint, Plaintiff directly blames the "medical staff" for his injuries and asks the Court to hold them liable, not Defendants. (*Id.* at 7, 11). These vague and conclusory allegations lack any factual detail or particularity and are thus insufficient to establish individual liability under Section 1983.

Indeed, Plaintiff's Complaint reveals nothing more than an inmate dissatisfied with the type and/or timing of the medical services provided to him and his frustration that the

treatment that he has received has not cured his eczema.[4] As evidenced by Plaintiff's ARPs and RCC's response to same, it is clear that Plaintiff visited medical staff at RCC on numerous occasions and was seen multiple times by an outside specialist for the treatment of his eczema. (*Id.* at 8). Furthermore, Plaintiff admits that he was "continuously sent to the University Medical Center in New Orleans, LA to see a dermatologist." (*Id.* at 7). Unfortunately, there was a delay in RCC's ability to obtain the medication prescribed by the dermatologist because it was not on the formulary for the Department of Corrections. (*Id.* at 8). However, the medication was eventually received and provided to Plaintiff. (*Id.*). With regard to the conditions at RCC, Plaintiff's Complaint only describes the bathrooms and showers as "unkempt," with no specificity. (*Id.* at 7). The Court finds that the allegations in Plaintiff's Complaint simply do not rise to the level of deliberate indifference to his serious medical needs or unconstitutional conditions of confinement.

**C. Motion for Judgment on the Pleadings**

Plaintiff filed this motion before the Court in which he merely reiterates the allegations of his Complaint. (Rec. doc. 36 at 1-4). "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not disputed, and a judgment on the merits of the claims can be rendered by examination of the substance of the pleadings. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

[4] Plaintiff was ultimately diagnosed with eczematous dermatitis by medical personnel at RCC. (Rec. doc. 1 at 8).

"The central issue is whether, in the light most favorable to the Plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The Court can dismiss a claim under Rule 12(c) when it is clear that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990)). In ruling on the motion, "the district court is confined to the pleadings and must accept all allegations contained therein as true." *Id.* A court should not dismiss the claim unless the Plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. *Jones*, 188 F.3d at 324.

As can be gleaned from the case law, a motion for judgment on the pleadings is a defense motion aimed at the dismissal of a plaintiff's claims on the face of the pleadings. It seems clear that, had Plaintiff understood the nature of the motion, he would not have filed it as Plaintiff most likely would not voluntarily seek dismissal of his own claims. It appears that Plaintiff filed the motion in an attempt to argue that his claims should prevail on the pleadings given the strength of his case. That is not the purpose or the point of such a motion. The Court can only conclude that Plaintiff misunderstood the nature and purpose of the motion. Accordingly, it will dismiss the motion as improvidently filed.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Dismiss (rec. doc. 27) filed by Defendants James LeBlanc, Travis Day, and Floyd Brooks is **GRANTED**, and Plaintiff's claims against Defendants

in their official capacities are **DISMISSED WITHOUT PREJUDICE** and Plaintiff's claims against Defendants in their individual capacities are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings Fed. R. Civ. P. 12(c) (rec. doc. 36) filed by Plaintiff is **DISMISSED AS IMPROVIDENTLY FILED**.

New Orleans, Louisiana, this 31st day of October, 2023.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**